IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES FOY BULLARD,** | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 21-CV-1590** |
| | : | |
| **BLANCHE CARNEY,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

**PRATTER, J.**                                                       **JANUARY 31, 2021**

On March 31, 2021, Plaintiff James Foy Bullard, a prisoner incarcerated at Philadelphia Industrial Correctional Center ("PICC") initiated this civil action pursuant to 42 U.S.C. § 1983 by filing a three-page handwritten letter Complaint addressed to the Clerk of Court. (ECF No. 1.) Although the Court previously dismissed this case for failure to prosecute, the Court will reopen the case because it appears by recent letter filings that Mr. Bullard does intend to prosecute this case. (ECF Nos. 8, 10, 14-18.) For the following reasons, the Court will grant Mr. Bullard leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

**I.**     **FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

As noted above, Mr. Bullard commenced this civil action by filing a three-page handwritten letter Complaint addressed to the Clerk of Court. Although this letter was deficient as a complaint in a civil action in several respects, in an abundance of caution, the Clerk of Court treated this letter as a Complaint and opened a civil action. Upon review, the Court determined that Mr. Bullard appears to have intended the Complaint to be comprised of three one-page letters addressed to the Clerk of Court. (ECF No. 1.) The first letter contains a conclusory assertion regarding a violation of commissary policy. (*Id.* at 1.) The second letter references a

grievance filed on February 26, 2021 but does not contain any detail with respect to that grievance. (*Id.* at 2.) The third letter contains a conclusory assertion regarding racial profiling and mail opening. (*Id.* at 3.)

Mr. Bullard submitted his letter complaint without either paying the fees to commence a civil action or filing a motion to proceed *in forma pauperis*. Therefore, in an Order dated April 13, 2021, this Court advised Mr. Bullard that if he wished to proceed with this action, he must pay $402 to the Clerk of Court or file a motion to proceed *in forma pauperis* with a certified copy of his prisoner account statement. (ECF No. 3.) The Court also advised Mr. Bullard that his Complaint as submitted did not meet the requirements of Rule 8 of the Federal Rules of Civil Procedure. (*Id.*) The Court told Mr. Bullard that if he wished to proceed by way of a civil rights complaint, he must file an amended complaint that expressly identified the bases for his claims against each defendant. (*Id.*) Mr. Bullard was also told that if he failed to comply with these directives within thirty (30) days, his case may be dismissed without further notice for failure to prosecute. (*Id.*) The Court also provided Mr. Bullard with a blank form complaint for his convenience. (*Id.*)

Rather than comply with the Court's directives, Mr. Bullard filed letters requesting recusal by the Court (ECF Nos. 4, 6.), a request that the Court denied by Order dated April 20, 2021. (ECF No. 5.) Mr. Bullard then filed Motions to Proceed *In Forma Pauperis* on April 28 and May 14, 2021. (ECF Nos. 7, 9.) In a June 23, 2021 Order, the Court denied Mr. Bullard's Motions to Proceed *In Forma Pauperis*, giving him thirty (30) days to file a certified copy of his prison account statement showing account activity from September 30, 2020 through March 31, 2021 or pay the required fee of $402 to the Clerk of Court. (ECF No. 11.) When Mr. Bullard failed to do so, the Court dismissed his case without prejudice for failure to prosecute on July 27,

2

2021. (ECF No. 12.) On August 26, 2021, Mr. Bullard filed a copy of his prisoner account statement which displays his prisoner account activity from January 2, 2021 through August 4, 2021. (ECF No. 13.) He filed another copy of his prisoner account statement on October 15, 2021. (ECF No. 15.)

Since the entry of this Court's April 13, 2021 Order directing Mr. Bullard to file an amended complaint that expressly identifies the bases for his claims against each defendant, Mr. Bullard has filed several letters asserting various conclusory allegations. (ECF Nos. 8, 10, 14-18.) None of these letters were identified by Mr. Bullard as encompassing an amended pleading. Further, while some of these letters appear to assert conclusory claims, none of the letters comply with the Court's April 13, 2021 Order or Rule 8 of the Federal Rules of Civil Procedure. However, because it appears by his recent letter submissions that Mr. Bullard intends to prosecute this case, the Court will reopen this matter. For the reasons below, the Court will grant Mr. Bullard leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

I. **STANDARD OF REVIEW**

The Court will grant Mr. Bullard leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action.[1] Accordingly, Mr. Bullard's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989),

---

[1] On August 26, 2021, Mr. Bullard filed a copy of his prisoner account statement which displays his prisoner account activity from January 2, 2021 through August 4, 2021. (ECF No. 13.) The Court will treat Mr. Bullard's submission as sufficient minimal compliance with its June 23, 2021 Order and the relevant statutes and, in the exercise of discretion, will grant Mr. Bullard's Motion. As an incarcerated individual, Mr. Bullard will be required to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

3

and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Bullard is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Moreover, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is

4

vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94. The standard of Rule 8 "operates in tandem with that of Rule 10," which requires that a complaint contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (citing Fed. R. Civ. P. 10).

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Garrett*, 938 F.3d at 93; *see also Fabian*, 2017 WL 3494219, at *3 ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Moreover, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). Where there are

5

multiple events and defendants at issue, alleging personal involvement often cannot be accomplished by repeatedly and collectively referring to the "Defendants" as a group without clarifying the specific basis for each Defendant's liability. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (agreeing with the district court that the repeated and collective use of the word "Defendants" "fail[ed] to name which specific Defendant engaged in the specific conduct alleged'").

## II. DISCUSSION

The Court reads Mr. Bullard's Complaint as asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Mr. Bullard's Complaint fails to comply with Rule 8 and Rule 10, and also fails to state a plausible claim for relief. There are no specific actions (or inactions) attributable to any individual defendant. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Mr. Bullard has made no allegations describing how any specific individuals were personally responsible for any alleged constitutional violations, and his subsequent letter submissions do not provide any further

clarification. Thus, the allegations are insufficient to put anyone on notice to prepare a defense, and the Complaint does not ensure that the Court is sufficiently informed of the facts to determine the relevant legal issues.

Having reviewed Mr. Bullard's submissions in their entirety, the Court cannot discern what the factual or legal bases for his claims are, or what relief he seeks. Mr. Bullard's Complaint and subsequent letter submissions provide his thoughts on such a wide range of topics, events, and people that the true substance of his Complaint, if any, is well-disguised and indiscernible. For these reasons, the Court concludes that Mr. Bullard's Complaint fails to comply with Rule 8 and Rule 10 and fails to state a claim in its current form.

## IV. CONCLUSION

For the foregoing reasons, the Court will vacate its Order dismissing this case for failure to prosecute, grant Mr. Bullard leave to proceed *in forma pauperis*, and dismiss his Complaint. In light of Mr. Bullard's *pro se* status, the Court will give Mr. Bullard yet another opportunity to file an amended complaint identifying the defendants he seeks to sue and explaining "the 'who, what, where, when and why' of [his] claim[s]." *Gambrell v. S. Brunswick Bd. of Educ.*, Civ. A. No. 18-16359, 2019 WL 5212964, at *4 (D.N.J. Oct. 16, 2019). Any amended complaint must also state the basis for the Court's jurisdiction and the relief Mr. Bullard seeks from the Court. An appropriate order follows, which provides additional instructions as to amendment.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER, J.